**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Theo Stubbs,** | **Case No. 1:24cv1376** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| | **MEMORANDUM OPINION** |
| **Warden Christopher Henry, et al.,** | **AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Theo Stubbs filed this *in forma pauperis* civil rights action against Warden Christopher Henry and Associate Warden O'Donnell (Doc. No. 1). His complaint concerns the conditions of his confinement at the Cuyahoga County Jail. Plaintiff seeks declaratory, injunctive, and compensatory relief. For the following reasons, Plaintiff's complaint is dismissed.

### I. Background

Plaintiff alleges that the conditions at the Cuyahoga County Jail violate his Eighth Amendment rights. He claims that he noticed mold throughout the housing unit in April 2024 and filed a grievance because it was "unhealthy to breathe in." (Doc. No. 1 at 7). Plaintiff states that in response to his grievance, Warden O'Donnell personally visited the unit and ordered the walls to be repainted, rather than apply a mold remover. (*Id.*). Plaintiff also claims that on June 28, 2024, the pipes in his unit clogged and the toilet "was flooding with feces." (*Id.* at 8). He states that it took 4 hours to get the unit cleaned and the water was turned off for 12 hours. (*Id.* at 8-9). Finally, Plaintiff claims that the unit is "extremely cold," laundry is done once a week for clothes and once

every other month for bedding, and "some of the water" from the sink and toilet are discolored. (*Id.* at 9).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

As a pretrial detainee, Plaintiff's constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt," rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Still, the Due Process Clause "offers protections to pretrial detainees that at least match those afforded to convicted prisoners under the Eighth Amendment." *Lawler v. Hardeman Cty.*, No. 22-5898, 93 F.4th 919, 926 (6th Cir. 2024) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)).

Like Eighth Amendment claims brought by convicted prisoners, claims under the Fourteenth Amendment require that a pretrial detainee demonstrate both objective and subjective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316-17 (6th Cir. 2023). Objectively, the plaintiff must show that he suffered a "sufficiently serious" condition or deprivation in the prison context. *Id.* at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). Therefore, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citations omitted). Subjectively, the plaintiff must demonstrate that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be

known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted); *Helphenstine*, 60 F.4th at 317.

Here, Plaintiff's allegations do not permit a plausible inference that he was deprived of "the minimal civilized measure of life's necessities." Plaintiff alleges he discovered mold in his unit, a toilet backed up for a day, which resulted in a cleanup and the absence of water (use of the toilet) for a 12-hour period, and clothing (uniforms) is laundered only once per week while bedding is laundered every other month. These conditions, however, do not present health threats or an extreme deprivation, but rather suggest conditions which at best are uncomfortable. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (finding that being subjected to a flooded cell and being deprived of a working toilet was only a "temporary inconvenience[] and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency") (citing *Rhodes*, 452 U.S. at 347); *Thomas v. Traficanti*, No. 4:23-cv-2286, 2024 WL 1909130, 2024 U.S. Dist. LEXIS 79118, at *15-16 (N.D. Ohio May 1, 2024) (observing that moldy showers and temporarily broken toilets do not constitute serious threat); *White v. Mahoning Cnty. Justice Ctr. et al.*, No. 4: 23 CV 1962, 2024 WL 278110, 2024 U.S. Dist. LEXIS 13802, at * 10-11 (N.D. Ohio Jan. 25, 2024) (finding that complaints of incidences of inoperable toilets and bacteria and fungus in showers failed to satisfy the objective component of a conditions-of-confinement claim); *Lacy v. Sheldon*, No. 1:10 CV 1974, 2011 WL 93719, 2011 U.S. Dist. LEXIS 2693, *5 (N.D. Ohio Jan. 11, 2011) (finding conditions such as jail clothing not exchanged every week and wash completed without detergent are merely uncomfortable and inconvenient and do not trigger Eighth Amendment scrutiny). This is especially so because the plaintiff does not allege any specific medical problems he experienced resulting from these purported violations. *See Rogers v. MacLaren*, 1:20-cv-263, 2020 WL 3481541, 2020

U.S. Dist. LEXIS 112263, at * 21 (W.D. Mich. June 26, 2020) (finding unclean showers containing black mold do not present a sufficiently serious health threat, especially where the plaintiff does not allege that the presence of mold caused him a health problem or created a substantial risk to his health). Plaintiff has therefore failed to satisfy the objective component of his claim concerning mold, an inoperable toilet, and infrequent laundering of clothes/uniforms and bedding.

Even if Plaintiff had alleged an objectively serious condition, Plaintiff fails to allege facts demonstrating the defendants acted with deliberate indifference to these conditions. Plaintiff claims that in response to his grievance regarding the mold, Warden O'Donnell ordered the walls to be repainted. Plaintiff suggests that the warden should have used a mold remover. The defendant's use of paint rather than a mold remover may demonstrate that the defendant was negligent in failing to remediate the condition. But negligence is not deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 836. And no other allegations in the complaint make out a showing of deliberate indifference. Likewise, Plaintiff claims that it took 4 hours to clean his cell after the toilet flooded. This allegation suggests that the jail staff did clean the unit, albeit not immediately. It does not suggest staff was deliberately indifferent to the condition. Plaintiff therefore fails to satisfy the subjective component of his claim concerning the mold, an inoperable toilet, and infrequent laundering of clothes/uniforms and bedding.

Additionally, Plaintiff claims that "some of the water from the sink/toilet [is] discolored." He provides no other allegations about this condition, such as how prevalent the discoloration is or whether he was exposed to the discoloration in a sufficient way to cause or pose a risk of causing health problems. Rather, he suggests only that the water is "very unsanitary." He therefore provides so little factual information concerning the allegedly discolored water that it is difficult to determine whether he is personally in any real danger from this condition. Moreover, Plaintiff fails

to allege facts to suggest that the defendants knew, or should have known, of the discoloration and were personally deliberately indifferent to his health and safety in this regard. *See Lathan v. Rutter*, No. 3:21 CV 42, 2021 WL 2315125, 2021 U.S. Dist. LEXIS 105860, *15 (N.D. Ohio Jun 7, 2021). Plaintiff has therefore failed to state a claim concerning the discolored water.

Finally, Plaintiff alleges that "it is extremely cold … all year [a]round. Doesn't give enough clothing or bedding to keep warm." (Doc. No. 1 at 9). Once again, Plaintiff provides so little factual information concerning the allegedly cold temperatures that it is difficult to determine whether he is personally in any real danger from this condition. And even if Plaintiff's claims could be construed as a sufficiently serious deprivation, Plaintiff has not alleged facts suggesting that the defendants were aware of this condition and acted with deliberate indifference toward his health and safety. *See Lathan*, 2021 U.S. Dist. LEXIS 105860 at *15. Plaintiff must show that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836); *Helphenstine*, 60 F.4th at 317. Deliberate indifference is not mere negligence. *Farmer*, 511 U.S. at 836. Plaintiff does not allege facts suggesting that the defendants had knowledge of an unjustifiably high risk to his health and safety when they failed to provide "enough bedding to keep warm" and nonetheless disregarded that risk. Plaintiff therefore fails to demonstrate a claim concerning the temperature of his cell.

Plaintiff's allegations fail to meet either the objective or subjective component of a conditions-of-confinement claim. Plaintiff therefore fails to state a Fourteenth Amendment claim concerning the conditions of his detainment at the Cuyahoga County Jail.

## IV. Conclusion

Accordingly, Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:   October 28, 2024